## SCHOENL v. WARNER WHITE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8611. Decided May 21, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**COURTS.**

(180 M3) Court of Appeals, which decides question, which decision is later ignored by Court of another district, not required to certify case subsequently decided, wherein first decision is followed, on ground of conflict with outside district.

Motion to Certify.

Motion overruled.

White, Hammond, Brewer & Curtiss, Cleveland, for Schoenl.

Griswold, Green, Palmer & Hadden, Cleveland, for Warner White Co.

### STATEMENT OF FACTS.

This matter comes before us on a motion to certify the record in this case to the Supreme Court, on the ground that it conflicts with the judgment rendered by the First District in the case of Rottman v. Wensing, decided June 27, 1927, and reported in the Ohio Law Bulletin and Reporter May 7, 1928.

VICKERY, J.

I have examined the Hamilton County case

with which they claim we are in conflict and cannot agree that we are in conflict with that decision.

There are two grounds upon which our court decided the case in question. One was that it was a suit for commissions and the contract being oral was, therefore, not enforceable, no memorandum having been made in writing, and the suit not being pending at the time of the going into effect of the statute, and we held that the statute which was passed and went into effect July 10, 1925, being remedial applied to this suit; but it was claimed this contract having been made before this statute went into effect, a cause of action had accrued and, therefore, even though the statute of frauds required such contract or memorandum to be in writing, it would not affect this accrued cause of action. Upon that theory of the case it might be in conflict with the Hamilton County case, but even then, as I will point out later, we would not be called upon to certify this case.

But let us assume that we are in conflict with the First District in the case referred to. In the case of Cramer v. Patterson, decided June 28, 1926, a year before the Cincinnati case was heard, this court decided exactly as it decides now, and instead of we being in conflict with the First District, the First District is in conflict with the Cramer case which this court decided a year before. I think an analysis of the First District case will show that it is not in point, but assuming that it is, the question remains, Is a Court that decided a question when another Court of Appeals in this State ignoring that decision decides otherwise,—is this Court, I query, compelled to certify the case because it subsequently adheres to the former decision, or is it compelled to certify because another Court ignored the decision of this Court? We do not think' that was contemplated by the statute.

Another thing: The Cincinnati case is not in point because the statute was not pleaded nor was the statement of claim in such a condition that it was demurrable. The statute is a defense which may be waived and is only available either by demurrer or answer. That not having been done, the court rightfully decided the Cincinnati case, whether the statute was complied with or not, and therefore what the court said about causes of action accruing before the statute was passed not being affected by the statute, was mere dicta. The court decided the case on another question entirely and then injected its belief that all actions that had accrued were immune against this statute, but an examination of the opinion of Judge Hamilton will show this is mere dicta for they had already decided the case on another ground which was tenable which would sustain the judgment, and for the reason that we had already decided the question the other way, and in this action merely followed our former decision, we do not feel that we are called upon to certify this record to the Supreme Court and the motion will, therefore, be overruled.

(Sullivan, PJ., and Levine, J., concur.)